IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
MISSISSIPPI, OXFORD DIVISION

**CLAUDIA LINARES, et al**                                                          **PLAINTIFFS**

**vs.**                                                                          **NO. 3:19cv133-NBB-RP**

**CITY OF SOUTHAVEN, et al**                                                     **DEFENDANTS**

**REPLY OF ZACHARY DURDEN TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS BASED ON STANDING AND/OR ABSENCE OF JURISDICTION, AND /OR, IN THE ALTERNATIVE, DISMISSAL BASED ON SOVEREIGN IMMUNITY**

**I. Claims**

The Motions of Defendant Durden and Defendant City of Southaven address many of the same issues with supporting citations but not all issues appear in both Briefs. The separate Motions with separate Briefs are similar but not duplicates of each other. This Reply of Defendant Zachary Durden points out differences in the Motions or Briefs of Defendant Durden and Defendant City and this Reply and the Reply of Defendant City of Southaven as needed. Defendant Durden adopts in support of his Motion and as part of this Reply all arguments in the separate Reply of Defendant Southaven but does not duplicate those arguments in this document other than by reference in order to cohesively present argument and authority to the Court.

Plaintiffs Complaint contains federal civil rights claims alleged under the Fourth Amendment of the "Constitution of the United States" pursuant to 42 U.S.C. § 1983 due to "unlawful seizure" and "excessive force" characterized as a due process "liberty" deprivation of Ismael Lopez under the Fourteenth Amendment based on the same use of force. Docket # 1 ¶¶54-55, 59-61. Absent from the Complaint is reference to the Due Process clause of other Constitutional Amendments such as the Fifth Amendment. Absent from the Complaint is any

assertion under the Fourteenth Amendment other than under the Fourteenth Amendment's Due Process clause. All of the federal legal authority cited by Plaintiffs in the Response relates to the Due Process clause of the Fifth Amendment or to the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs' controverted one fact in Response that Plaintiff Linares was married to decedent Lopez. This fact is not material to determination of Article III constitutional standing on the alleged federal civil rights.

Plaintiffs' remained silent in response as to *In re McCoy*, 666 F. 3d 924, 926 (5th Cir. 2012), *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-99 (5th Cir. 2000) and *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) allowing judicial notice under of certain types of records.

Plaintiff Linares asserted a constitutional civil rights claim based on familial association with Ismael Lopez arising under the "Fourteenth Amendment to the United States Constitution" due to the same use of force as to Ismael Lopez. Docket # 1 ¶ 94. Legal marriage matters for such a claim but only if Ismael Lopez had federal civil rights relative to the use of force. He did not. The description of the Claudia Linares relationship with Ismael Lopez was made in legal terms as related to the relationships of a recognized marriage in Mississippi or as related to an unrecognized marriage. The descriptions are the same type of legal descriptions necessary to describe the relationship of Claudia Linares and Reymundo Avendano Tolentino. Tolentino is reflected on the produced and unchallenged birth certificate of her son Rodolfo as Rodolfo's father. The birth certificate directly conflicts with a sworn statement of Plaintiff Linares who swore in the Estate file that Ismael Lopez was the father of her son Rodolfo. Whether or not Linares was married to Reymundo Avendano Tolentino at the time of Rudolfo's birth, or

divorced from him by that time or subsequently, or widowed since Rodolfo's inception are necessary to determine the legal relationships material to statutory standing. Credibility and legality of relationships in the context of this case are relevant and so the discussion of the marital relationships or lack of same legally of Claudia Linares are not remotely sanctionable. In response, after full opportunity, Plaintiff Linares offered no affidavits to support the fact arguments of her counsel.

Plaintiffs did not respond to the Motion assertion that the Fourteenth Amendment claim should be assessed only under the Fourth Amendment as due process use of force claims are included in "*all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' ... [which] should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Conner*, 490 U. S. 386, *395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Plaintiffs did not comment on *Martinez-Aguero v. Gonzalez,* 459 F. 3d 618, 624 (5th Cir. 2006), *Mendez v. Poitevent*, 2014 WL 12639318, *12 (W.D. Tex. Sept. 30, 2014) or *Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985)) cited by Defendants in support of this issue. Plaintiffs' failure to respond waived all objections to this application of law.

The Exhibits were controverted by Plaintiffs on how they should be used under Rule 56 and/or Rule 12 but not otherwise. Motion Exhibits 1 and 3 established that at the time of his death Ismael Lopez was a citizen of Mexico and illegally present in the United States, was a convicted felon, that he was a fugitive from justice, had been adjudicated as excludable, and he was in violation of multiple prior court orders of deportation. Deportation and exclusion are explained in detail in *Landon v. Plasencia*, 459 U.S. 21, 103 S. Ct. 321, 74 L. Ed. 2d 21, *25 (1982). See last two pages of Exhibit 1 affirmation from the Mexican Consul that Ismael Lopez

was a Mexican citizen. Exhibit 2 and 5 established the birth certificate of Plaintiff Linares' son named Rodolfo and Rodolfo's father as Reymundo Avendano Tolentino and that Plaintiff Linares swore conflicting statements on Rodolfo's paternity to government authorities. Plaintiff Linares elected no affidavit to refute or explain her conflicting sworn statements.

**2. Standard**

Plaintiffs' assertion of the standard is error. The Motion was brought under Rule 12(b)(1) or 12(b)(6). Plaintiffs made no response to Rule 12(b)(1) and no comment on the supporting authority of *Ramming v. U. S.,* 281 F. 3d 158, 161 (5th Cir. 2001), *Gunter v. Bryant*, 2018 WL 3650244, *1 (N. D. Miss. Aug. 1, 2018), *Crane v. Johnson*, 783 F. 3d 244, (¶¶ 3-6) (5th Cir. 2015), or *Campaign for Southern Equality v. Mississippi Department of Human Services*, 175 F. Supp. 3d 691, *698 (¶¶1-3) (S.D. Miss 2016). Rule 12(b)(1) allows assessment based on a facial attack or on a factual attack. Either facial or factual Rule 12(b)(1) Motions also attack subject matter jurisdiction as Defendants have done in this case. Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. When the challenge is a factual attack 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Mid-South Tax Credit Partners I, et al., v. Clatus Junkin*, 2019 WL 4277365, *2 (N.D. Al. Sept. 10, 2019)(quoting *Williamson v. Tucker*, 645 F. 2d 404, 412 (5th Cir. 1981)).

Plaintiffs incorrectly assert that the Motion must be treated as a Rule 56 Motion if matters outside the pleadings are considered by the Court citing *Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). *Williamson* applied a version of Rule 12 that was then accurate but subsequently amended to remove the very language that Plaintiffs cite as now mandating a Rule 12(b)(6) Motion be converted into a Rule 56 Motion if evidence is relied upon for the Rule 12(b)(6) assessment. See current Rule

12(b)(d) limiting Rule 56 conversion under specific circumstances to motions under Rule 12(b)(6) or ( c ) but excluding Rule 12(b)(1). See judicial recognition of Rule amendment different from the implementation in *Williamson* in *Alabama Education Association v. Bentley*, 2012 WL 12904393, *42 fn.87 (N. D. Al. Aug. 22, 2012). *Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981) is valid on some issues such as the discretion of the Court when ruling on a Rule 12(b)(1) motion on evidence and papers submitted by the parties. *Flores v. Pompeo*, 2019 WL 4022162, *4 fn. 3 (5th Cir. 2019).

In response Plaintiffs abdicate their burden of establishing standing by demonstrating they have suffered "an invasion of a legally protected interest." *Raines v. Byrd*, 521 U.S. 811, 818- 819, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997). This refers to the absence of federal civil rights as alleged in the Complaint of Ismael Lopez based on his now undisputed illegal alien status and/or felon status and /or in tandem with the absence of significant appropriate contacts by Ismael Lopez with the United States. F.R.Civ.P.12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Wills v. Berryhill*, 2019 WL 3953977, *2 (N.D. Miss. July 26, 2019)(quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F. 3d 1006, 1010 (5th Cir. 1988)).

When faced with a Rule 12(b))(1) fact based attack on standing Plaintiffs elected not to submit any form of document disputing the documents filed in support of the Motion on illegal presence of Lopez in the United States. Plaintiffs made no fact allegation of legal presence in the United States in Complaint or in the response of Ismael Lopez or Claudia Linares. No document such as visa, work permit, border crossing pass, immigration record, naturalization or asylum petition was produced or even alleged as existing. Absence of standing was asserted for all state law claims based on multiple legal issues that Plaintiff just skipped over in response.

Plaintiffs' did not respond to the legal authority of *Cole v. General Motors Corp.*, 484 F. 3d 717, 721 (5th Cir. 2007), *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F. 2d 345, 348 (5th Cir. 1989), or *Clay v. Garth*, 2012 WL 4470289 (N.D. Miss. Sept. 27, 2012)(citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Plaintiffs' seem to have conflated Rule 12(b)(1) with 12(b)(6) and skipped consideration that standing is a "threshold matter of jurisdiction."

Plaintiffs also skipped response to the jurisdiction assertions cited for *Bond v. United States*, 564 U.S. 211, 217, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011), *Crane v. Johnson*, 783 F. 3d 244 (5th Cir. 2015), *Choice Inc. v. Greenstein*, 691 F. 3d 710, 714(5th Cir. 2012), *Osterweil v. Edmonson*, 424 Fed. Appx. 342, 343 (5th Cir. 2011)(per curiam)(citing *United States v. Hays*, 515 U.S. 737, 743, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995)).

Plaintiffs did not respond to the lack of standing on the pleading deficiency aspect relative to injunctive or declaratory relief claimed in the prayer for relief due to their failure to allege they "sustained or [are] immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury [as] both "real and immediate" and not "conjectural" or "hypothetical." *Clay v. Garth*, 2012 WL 4470289 (N.D. Miss. Sept. 27, 2012)(citing *City of Los Angeles v. Lyons*, 461 U. S. 95, 101-102,(1983)). Irreparable injury was not claimed in the Complaint or response. *Clay v. Garth* at *2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351(1992);*City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983).There is no allegation from which it appears there is a substantial likelihood that Plaintiffs will suffer injury in the future. *Id* at 102.

### 3. No Standing for Federal or State Law claims

"A dismissal for lack of standing is akin to a dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Worthy v. City of Phenix City, Alabama*, 930 F. 3d

1206, *1213 (11th Cir. 2019). "To bring suit in federal court, a party must have constitutional standing, which is 'an essential and unchanging part of the case-or-controversy requirement of Article III.' *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L.Ed. 2d 351(1992)." *Id.* There must be an invasion of a legally protected interest. *Id.*

A marriage record for Claudia Linares and Ismael Lopez was produced. There was no record produced by Plaintiffs regarding citizenship status of Claudia Linares or Ismael Lopez to dispute the citizenship status supported by the Motion Exhibits. Both the Complaint and response are silent on illegal or legal presence in the United States of Plaintiff Linares or Ismael Lopez. The validity of the status of legal marriage by Plaintiff Linares to Ismael Lopez is a disputed fact which fact relates to statutory standing. That is not material on the illegal alien status of Ismael Lopez.

Plaintiff Linares' claims as a wrongful death beneficiary and the claims of Plaintiff Autry are all derivative from the civil rights that Ismael Lopez had or did not have as a matter of law. Plaintiffs' response creates one disputed fact. That fact is not material to the existence of constitutional standing as relates to the existence of federal civil rights asserted in the Complaint.

### A. ISMAEL LOPEZ HAD NO FEDERAL CIVIL RIGHTS AS ALLEGED

This aspect of this reply in rebuttal is adopted by reference to the Reply of Defendant City.

### B. Estate Issues

The wrongful death statute created a new and independent cause of action unknown to common law. *Estate of Jones v. Howell*, 687 So. 2d 1171 (Miss. 1996; *Kirkpatrick v. Ferguson-Palmer Co.*, 77 So. 803 (Miss.1918). When the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the "one suit" for wrongful death and is not actionable by the estate under the survival statute. *In re Estate of England*, 846 So. 2d 1060 (Miss. 2003). In accord *Harpster ex rel. Salez v.Thomas*, 442 F. Supp. 2d

349 (S. D. Miss. July 3, 2006).

Miss. Code Ann. § 11-7-13 provides "when the death of any person ...shall be caused by any real, wrongful, or negligent act or omission,...if death had not ensued, have entitled the injured party ...to maintain an action and recover damages in respect thereof." Plaintiff Autry sued as "an action for such damages may be brought in the name of the personal representatives of such person." Plaintiff Linares sues as a claimed widow. No valid action can be maintained as Ismael Lopez had no federal civil rights for Plaintiffs to sue on as were alleged in the Complaint and Plaintiffs' available remedies under state law were lost due to Plaintiffs' failure to give the mandated presuit tort notice and due to the expiration of the one year statutes of limitations.

Plaintiffs insist that all issues of estate matters must be administered by the state court. Credibility of any witness is always relevant. Plaintiffs incorrectly describe the probate exception. "The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate...But it does not bar federal courts from adjudicating matters outside those confines." *Marshall v. Marshall*, 547 U.S. 293,*312, 126 S. Ct. 1735, 164 L. Ed. 2d 480(2006). Claimant "Vickie" in *Marshall* "seeks an in personam judgment against Pierce, not the probate or annulment of a will." *Id.*

### 5. State Law Claims

The state law claims are asserted in the Complaint at paragraphs 96-100 under the title of "Common Law Claims" characterized as "Wrongful Death" and as "Mississippi statutory and case law." Plaintiffs' response omits any reference to the distinctive state law on individual immunities made by Defendant Durden at docket #20 pages ID #471-473. Plaintiffs' sole response to both Motions was "Plaintiffs make no state law claims pursuant to the Mississippi Tort Claims Act in their Complaint." Docket #24 page ID# 492. Plaintiffs abandon all state law claims. Defendant Durden

has personal immunity as a matter of law to all claims in paragraphs 96-100 of the Complaint.

The law of the State of Mississippi controls all claims alleged in the Complaint at paragraphs 96-100. Those claims could have been pursued only under the Mississippi Tort Claims Act (MTCA). See *Carter v. Mississippi Dept. of Corrections*, 860 So. 2d 1187 (Miss. 2003) wherein Plaintiff Ruby Carter filed suit individually as a wrongful death beneficiary, on behalf of the wrongful death heirs, and on behalf of the Estate of Stacie Carter against the Mississippi Department of Corrections and Fred Childs as an individual Defendant due to the death of Stacie Carter as an inmate in MDOC custody. The trial court granted dismissal in favor of all Defendants applying Miss. Code Ann. § 11-46-9(1)(m). The Mississippi Supreme Court affirmed holding at ¶ 11 that "The MTCA provides the exclusive remedy against a governmental entity or its employee for tortious acts or omission which give rise to a suit." On appeal Carter argued that the "the wrongful death claims of the wrongful death survivors are distinct torts from the personal injury claims of "the decedent Stacie Carter." The Court held that "a wrongful death claim is a derivative action by the beneficiaries, and those beneficiaries, therefore, stand in the position of their decedent"citing *Wickline v. U.S. Fid. & Guar. Co.*, 530 So. 2d 708, 715 (Miss. 1988). The Court affirmed that all claims were barred by the MTCA. *Carter* at ¶ 25. All state law claims are barred by the one year statutes of limitation or by Plaintiffs' failure to give the mandatory presuit tort notice. Dismissal with prejudice of all claims asserted in paragraphs 96-100 of the Complaint on the merits is mandated for all Defendants.

### 6. Conclusion

All claims should be dismissed due to lack of jurisdiction or as barred as a matter of law.

Respectfully submitted, this the 24th day of September, 2019.

/s/ *Katherine S. Kerby*
Katherine S. Kerby, MSB # 3584
Attorney for Defendants

Of Counsel:
Kerby Law Firm, Post Office Box 551
Columbus, MS 39703
email: ksearcyk@bellsouth.net
fax: 662-328-9553; phone: 662-889-3733

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all Counsel of record including Michael Carr, Esq., Murray B. Wells, Esq., and Aaron A. Neglia, Esq.

SO CERTIFIED, this the 24th day of September, 2019

s/ *Katherine S. Kerby*
KATHERINE S. KERBY