IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
MISSISSIPPI, OXFORD DIVISION

**CLAUDIA LINARES as spouse of ISMAEL LOPEZ,**
**Deceased, and Edward T. Autry as Administrator of**
**the Estate of Ismael Lopez, Deceased**                                                          **PLAINTIFFS**

**vs.**                                                                                                                   **NO. 3:19cv133-NBB-RP**

**CITY OF SOUTHAVEN, STEVE PIRTLE, in his official capacity**
**as Chief of Police of the Southaven Police Department, OFFICER**
**SAMUEL MAZE, Individually and in his official capacity as a Southaven**
**Police Officer, OFFICER ZACHARY DURDEN, Individually and in his**
**official capacity as a Southaven Police Officer, and JOHN DOES 1-25**         **DEFENDANTS**

---

**BRIEF IN SUPPORT OF CITY OF SOUTHAVEN RESPONSE TO MOTION FOR EXTENSION OF TIME TO SERVE FORMER SOUTHAVEN POLICE CHIEF STEVE PIRTLE**

---

### A. Facts

1. The Complaint at docket #1 was filed on June 19, 2019 for alleged events in Southaven, Mississippi twenty-three months earlier on July 27, 2017. Named Defendants include the City of Southaven, Mississippi and others listed Zachary Durden, Samuel Maze, and Steve Pirtle. All named persons are former City employees with only Samuel Maze still an employee as of the filing of the Complaint. Plaintiffs were well aware that Steve Pirtle was not a Southaven employee when the Complaint was filed on June 19, 2019 and that he retired June 15, 2019. See Motion Exhibit A. Despite same the summons prepared by Plaintiffs issued July 29, 2019 for Steve Pirtle used the City's police department address.

2. The summons for Steve Pirtle was not presented at the time of the filing of the Complaint

despite L. U. Civ. R. 4 (a) that states"It is the responsibility of the plaintiff in each original case filed to prepare the summons to be served on each defendant and to present the process to the clerk of the court at the time of the filing of the original complaint. The signed process with seal affixed will then be returned to the attorney for service." The summons was then presented about a month later by Plaintiffs on July 12, 2019 as reflected at docket #2. The summons was first issued for Steve Pirtle at the address of the Southaven Police Department on July 12, 2019. Plaintiffs' Motion docket # 29-1 at page ID #524 reflects the first attempt to serve Steve Pirtle was on August 14, 2019 or a month after the process was returned to Plaintiffs' counsel and two months after the lawsuit was filed.

     3. On August 13, 2019 the court clerk entered a Notice at docket # 4 of incomplete process on Steve Pirtle. This notice predated Plaintiffs' first attempt to serve Steve Pirtle as shown by Motion docket # 29-1 at page ID #524.

     4. The clerk issued another notice of incomplete process as to Steve Pirtle on September 16, 2019 at docket #22. The significance of the second notice is it again alerted Plaintiffs that the 90 days to serve Steve Pirtle were about to expire. The 90 days to serve expired September 18, 2019 or two days after the clerk's second notice of incomplete process as to Steve Pirtle.

     5. Plaintiff's present Motion was filed untimely and in violation of the 90 days time period to serve or file for an extension and in disregard of the Clerk's second notice at docket #22. The Motion was filed on September 24, 2019 at docket# 29. Plaintiffs' did not file the Motion for additional time to serve Steve Pirtle within the 90 days allowed despite the clerk's second notice. The Motion is untimely.

     6. Plaintiffs were well aware that time for service of process for Steve Pirtle had expired or was soon expiring. See Exhibit B communications of August 23, 2019 indicating awareness that

Plaintiff had limited or no time left to serve Steve Pirtle. Despite that admitted awareness by Plaintiffs on August 23, 2019, the Motion for Extension of Time was not filed until a month later and a week after the deadline for service of process on Steve Pirtle.

7. Docket #29-1 indicates the last attempted service on Steve Pirtle was on September 4, 2019 or 13 days before the 90 days to serve him expired. Despite the Clerk's second notice of incomplete service as to Steve Pirtle on September 22, 2019, there was no additional effort at service as to Steve Pirtle after September 4, 2019.

### B. Authority

F. R. Civ. P. 4 (m) defines the time limit for service of process as "90 days after the complaint is filed." Plaintiffs began service efforts for Steve Pirtle two months into a three month time frame. Plaintiffs attempted service of process on Defendant Steve Pirtle by attempting delivery to an address that no person has sworn is his residence or even testimony as to why the address is believed to have been his residence or last known residence.

Plaintiffs' have the burden of showing good cause for their failure to timely serve process. "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"*Thrasher v. City of Amarillo*, 709 F. 3d 509, *511 (5th Cir. 2013)(citing *Winters v. Teledyne Movible Offshore, Inc*., 776 F. 2d 1304, 1306 (5th Cir. 1985)."Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id. Thrasher v. City of Amarillo*, 709 F. 3d 509, *511 (5th Cir. 2013). In accord see also *Tootle v. Dawson*, 2017 WL 6403034, *2 (S.D. Miss. Sept. 11, 2017). This is the burden of Plaintiffs even after the most recent rule amendment. *August v. Brinkhaus*, 2018 WL 5662752, *3 (M.D. La. Oct. 10, 2018). Plaintiffs herein

had the responsibility for timely service of process and a timely motion to extend time to serve and failed to do either. Plaintiffs have not met their affirmative burden of "proving good cause for failure to effect timely service. *Lewis v. Fisher*, 2019 WL 4015889, *2 (N.D. Miss. Aug. 26, 2019)(applying the 90 day rule).

Southaven objects to additional time to serve Steve Pirtle as Plaintiffs have not demonstrated the required criteria for any time extension. When the Complaint was filed Plaintiffs were fully aware that Chief Pirtle had retired over a month before and was no longer the Southaven Police Chief. Exhibit A and B to the City's Response reflect such knowledge and negate the argument in paragraph 3 of the Plaintiff's Motion. Plaintiffs knew when suit was filed that Steve Pirtle was "no longer employed by the City of Southaven." Contrary to the same paragraph are statements in Exhibit B by Plaintiffs' counsel that is was then known, nearly a month before the 90 days to serve expired, that unserved Defendants, then only Samuel Maze and Steve Pirtle were unserved, had left the Southaven area. The record is not sufficient to justify any time extension to serve Steve Pirtle.

### C. Conclusion

Plaintiffs were a month derelict in their responsibility under L. U. Civ. R. 4 (a) in providing the summons for issuance. Plaintiffs were derelict in their responsibility to serve Steve Pirtle in the 90 days provided by F. R. Civ. P. 4 (m) as the first attempt to serve him was on August 14, 2019 or a month after the process was returned to Plaintiffs' counsel and two months after the lawsuit was filed. This first attempt was made only after the Clerk's first notice of incomplete service on August 13, 2019 reflected at docket #4. Plaintiffs were derelict in not timely filing the Motion for extension of time to serve Steve Pirtle. This is especially compelling in light of the admission of awareness of August 23, 2019 before the September 18 2019 deadline to serve Steve Pirtle shown by Motion Exhibit B that the deadline was past or almost past plus the Clerk's second notice of incomplete

service given prior to the September 18, 2019 deadline to serve. Docket # 29-1 establishes there was no effort to serve Steve Pirtle in the last two weeks of the 90 day time frame to serve. This record alone reflects that of the 90 days allowed to serve that the first effort was not made until August 14, 2019 or two months after the Complaint was filed and no efforts were made in the last two weeks of the 90 day time frame. Plaintiffs' own record reflects no efforts at all were even attempted for 68 days of the 90 days time frame allowed for service. Plaintiffs efforts span one 22 day time frame with no record of why the other 68 days were not utilized. Plaintiffs' fail their burden needed to support the request made of this Court. The use of discretion is available but the record of dereliction by Plaintiffs supports that available discretion on the involved issues be restrained and the Motion denied in toto.

Respectfully submitted, this the 25th day of September, 2019.

/s/ *Katherine S. Kerby*
Katherine S. Kerby, MSB # 3584
Attorney for the City of Southaven, Mississippi, Defendant

Of Counsel:
Kerby Law Firm
Post Office Box 551, Columbus, MS 39703
email: ksearcyk@bellsouth.net
fax: 662-328-9553
phone: 662-889-3733

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all Counsel of record including the following:

Michael Carr, Esq., Murray B. Wells, Esq., Aaron A. Neglia, Esq.

SO CERTIFIED, this the 25th day of September, 2019

s/ *Katherine S. Kerby*
KATHERINE S. KERBY