IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
MISSISSIPPI, OXFORD DIVISION

**CLAUDIA LINARES as spouse of ISMAEL LOPEZ,**
**Deceased, and Edward T. Autry as Administrator of**
**the Estate of Ismael Lopez, Deceased**                                             **PLAINTIFFS**

vs.                                                                                   NO. 3:19cv133-NBB-RP

**CITY OF SOUTHAVEN, STEVE PIRTLE, in his official capacity**
**as Chief of Police of the Southaven Police Department, OFFICER**
**SAMUEL MAZE, Individually and in his official capacity as a Southaven**
**Police Officer, OFFICER ZACHARY DURDEN, Individually and in his**
**official capacity as a Southaven Police Officer, and JOHN DOES 1-25**        **DEFENDANTS**

---

**REPLY TO PLAINTIFFS' RESPONSE TO THE AMENDED RULE 12 (b)(5) MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT**
**SERVICE OF PROCESS AS TO SAMUEL MAZE AND TO QUASH**
**SERVICE OF PROCESS**

---

**1. Wells Affidavit Facts are Immaterial to Principal- Agent Relationship**

The affidavit of the process server filed at docket #16 reflects that "I, Spencer Parsons, swear and affirm that on August 28, 2019 at 11:38 AM, I did the following: Served Officer Samuel Maze, by Serving General Council Office for Federal Bureau of Investigations by delivering a conformed copy of the Summons in a Civil Action, Complaint for Damages to Mollie Loeffler as General Counsel & Authorized Agent of Officer Samuel Maze, by Serving General Council Office for Federal Bureau of Investigations at 935 Pennsylvania Ave NW, Washington, D.C. 20530." The affidavit of MurrayWells at docket #34-1 affirms that the process server was contracted by him to serve the papers prepared by Wells which contained the authorized agent declaration authored by Wells. The process return statement created by Wells was not the unbiased third party affidavit of

a disinterested person as explained by the Wells affidavit. The Wells testimony proves that the process server did not have personal knowledge of the "Office of General Counsel" as being "an authorized agent for service of process for Samuel Maze." See Wells affidavit at ¶ 7.

Wells omits from his affidavit the representations he made to the undisclosed person or persons in the Office of General Counsel as to what events were the subject events of this lawsuit or that such events took place years before Maze became a trainee with the F.B.I. The Wells affidavit makes no mention of actions or conduct or words by or from Samuel Maze. Only the principal in an agency relationship can appoint an agent. Hearsay representations of Maze as in training by some staff member at an F.B.I. office is not even remotely evidence of an act of agency appointment by Samuel Maze. The F.B.I. Section Chief testified to the absence of authority by the F.B.I. to accept service of process for Samuel Maze.

The Wells affidavit contains hearsay of Wells communications with some unidentified persons at one or more offices of the F.B.I. that he states he communicated with and so such statements of others are not admissible on those aspects for the truth of the matters asserted. F.R.E. 801 and 803. The Wells affidavit does corroborate the absence of any participation by Maze in the events presented by Wells. The facts in the Wells affidavit are immaterial as to the agency relationship between Samuel Maze and any person with the F.B.I. as there is no mention of the appointment by Maze of any person or entity to act as the agent of the principal Samuel Maze. The Wells testimony, like the Plaintiffs' response, also omits any mention of any legal authority on the issue of agency. The result is that the affidavit of Plaintiff's Wells is not a competing affidavit with the affidavit of Samuel Maze as they testify to different facts. Wells talks about fact communications with two or more unidentified persons in paragraphs 4 and 5 of his affidavit but never talks about what Samuel Maze did or did not do.

Maze clearly swore that "no person or entity or organization has been appointed by me to act as my agent for receipt of service of process or authorized by me to accept personal service of process for me for any events or matters that occurred when I was an employee of the City of Southaven, Mississippi. I did not authorize Mollie Loeffler or the General Counsel of the Federal Bureau of Investigations to accept service of process on my behalf for any events or matters that occurred when I was an employee of the City of Southaven, Mississippi. Neither Mollie Loeffler nor the General Counsel of the Federal Bureau of Investigations are my or were my authorized or appointed agents **at any time** for service of civil process for me for any events or matters that occurred when I was an employee of the City of Southaven, Mississippi. My last date of employment with the City of Southaven, Mississippi was July 3, 2019. This affidavit is true and correct based on my personal knowledge."

The affidavit Exhibit A to the Motion of Samuel Maze and the declaration under penalty of perjury from F.B.I. Section Chief Bessee Exhibit B to the Motion of Samuel Maze are strong and convincing as evidence that no one was authorized to accept process for Samuel Maze. Such agency is not apparent on the face of the executed return such as might have been shown by a document like an executed power of attorney for a special or limited purpose. The return, response, and Wells affidavit all omit any citation to legal authority allowing the FBI staff lawyer to be an agent for process for any event unrelated to the FBI and so no contradiction exists to the declaration of F.B.I. Section Chief Bessee on the agency issue.

## 2. Standard

Plaintiff cites three cases in response and all three relate to the standard. The cases cited in response of *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir. 2011)

and *Veliz v. Rimax Contractors, Inc.*, 2016 WL 1704496 (E. D. La. April 28, 2016) were already in the standard asserted for the same proposition as Defendant Samuel Maze. Plaintiffs' also cited *George v. U.S. Dep't of Labor*, 788 F. 2d 1115, 1116 (5th Cir. 1986) on the discretion of the Court which case simply cited the already asserted standard from *Veliz v. Rimax Contractors, Inc.*, 2016 WL 1704496, *2 (E. D. La. April 28, 2016). *Veliz* held that "the individual sought to be served must have actually authorized another" to accept. *Id.*

### 3. Applicable Authority

Plaintiffs' did not cite any legal authority regarding the agent to principal relationship or the law of agency. Plaintiffs' seek to employ service of process on Samuel Maze which is dependent on agency but never make any comment on the law regarding agency. F. R. Civ. P. 4 (e) (2) ( C ) mandates delivery only to "an agent authorized by appointment or by law to receive service of process."*Aguirre v. C G G Land (U.S.) Inc.*, 2014WL 1385888, *1,*2 ( S. D. Tex. April 9, 2014). Plaintiffs' offer the affidavit of Plaintiffs' lawyer that he had conversations with unidentified persons in various offices of the F.B.I. Those conversations have no impact on the existence of an agency relationship as only the principal in an agency relationship I.e. Samuel Maze could have made an agent appointment.

"It is the well settled rule that service of process on a non-resident defendant is jurisdictional requiring strict compliance with statutory procedures." *Birindelli v. Egelston*, 404 So. 2d 322, 323-24 (Miss. 1981). If process is served based on an agency relationship "the agency relationship, if one exists, must be for the specific purpose of receiving service of process." *Shoemaker v. Robinson*, 2010 WL 1416212, *3 (S.D. Miss. April 7, 2010) (Judge Jordan quoting Judge Lee in *Illinois Central Gulf Railroad Co. v. Hampton*, 117 F.R.D. 588, 591 (S.D. Miss. Nov. 3, 1987)( citing 4A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 1097 (2d ed. 1987)). In *Hampton*, Judge Lee held that service on a wife for her husband was not authorized as the record had no "factual basis for a determination that Georgia Hampton was authorized, expressly or impliedly, to accept process for the defendant." *Hampton* at *591 fn.4.

Mississippi acknowledges as authority"The leading treatise on federal practice and procedure, Wright & Miller." *BB Buggies, Inc. v. Leon*, 150 So. 3d 90,¶ 42 (Miss. 2014). Relative to agency "Actual appointment for the specific purpose of receiving process is normally expected." *Rich v. Winder*, 2015 WL 3672297, *3 fn 21(D. Utah June 15, 2015)(citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 1097 (3d ed. 2006)). "The validity of the Court's jurisdiction here turns upon whether Schell [process recipient] was authorized to accept service as Miller's [principal] agent. Agency for this purpose is held to a rigorous standard. 'The bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid service of process. There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant.'...(quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 1097 (3d ed. 2002))."*McGehee v. Diversified Global Services, LLC*, 2017 WL 1036432, *4 (M.D. Tenn. March 17, 2017). Same quote and in accord see *Cunningham v. Lexington Doc. Prep, LLC*, 2017 WL 3149579, *2 (M.D. Tenn. July 25, 2017).

Citing Wright & Miller again "service of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)." *Blount v. Mississippi Dept. of Human Services*, 2015 WL 58729, *2 (S.D. Miss. Jan. 5, 2015)(4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 1096 (3d ed. 2014)). *Blount* explained that the summons was addressed to the Defendant and "the papers were left with a co-worker at her place of

employment" which was "insufficient" service. *Id. Blount* held "as to Plaintiffs' theory of agency service,'[t]he agency status by which one is authorized to receive process for another may be express or implied. However, the agency relationship, if one exists, must be for the specific purpose of receiving service of process.'*Ill. Cent. Gulf R.R. Co. v. Hampton*, 117 F.R.D. 588, 590-91 (S.D. Miss. 1987). Kay states that Rosie Mack is not 'authorised by appointment or by law to receive service of process' on her behalf. Mot.[31] ¶ 4. Plaintiffs offer nothing to refute this assertion and have not met their burden to demonstrate that service on Rosie Mack was effective under subsection C." *Id* at *2. See agreement with this authority and application of law by Judge Lee in *Adams v. Columbus Lumber Company, LLC*, 2011 WL 1899805, *2 (S. D. Miss. May 19, 2011)."As attested in Arnold's affidavit, the individual to whom plaintiffs' process server delivered the complaint and summons was not Arnold's authorized agent for service of process on behalf of Arnold." *Id* at *2. "Here, defendants submit that since the 120 day time period for service of process has already passed, the opportunity to cure plaintiffs' ineffective [service] has passed....therefore their complaint against Arnold will be dismissed pursuant to Rule 12(b)(5)." *Id* at *2. The service on Samuel Maze attempted by Plaintiffs on August 28, 2019 came 70 days after the complaint was filed and is the only effort to serve him. The 90 day time to serve expired September17, 2019 without any motion being filed for an extension of time to serve Samuel Maze. Dismissal pursuant to Rule 12(b)(5) is proper.

"Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 1097 (3d ed. 2002). In *First Southwestern Financial Services, L.L.C .v. Best Light L.L.C.*, 2015

WL 13777174 (S.D. Fla. Feb. 6, 2015) an individual business partner told the process server he was the authorized agent of his absent business partner, told the process server that he had express permission to accept service of process for his absent partner, accepted process for his absent business partner and testified to same. When the absent business partner found out about this he filed a Motion to Dismiss for insufficiency of service stating he never gave his business partner authority to accept process for him. The record reflected the subsequent testimony of the first business partner that he just assumed he had authority to accept for his absent partner but had not actually discussed the issue with his absent partner, that he had been the business manager for their business enterprise for a long time, and his partner was absent due to illness. The Court ruled this invalid service applying agency law for the State of Florida that required the principal to grant the authority to act to the purported agent. *Best Light* at *9.

Under Mississippi law actual authority, also termed express or direct authority, is the authority actually conferred by the principal. See *McFarland v. Entergy Miss.*, 919 So. 2d 894, 902 (Miss. 2005). "Actual authority...is created by a principal's manifestation to an agent." *Dykes v. Cleveland Nursing & Rehabilitation Center*, 2017 WL 3754775, *3 (N.D. Miss. Aug. 30, 2017). "The Court has stated:'An express agent is one who is in fact authorized by the principal to act on their behalf.' *Id*. (Internal quotations omitted)." *Newsome v. Peoples Bancshares,* 269 So. 3d 19, ¶ 24 (Miss. 2018). "A manifestation by the principal must occur."*Id.* "A manifestation is defined as expressive conduct. Restatement (Third) of Agency § 3.01 cmt. b (2006). Specifically,'[a] principal's unexpressed willingness that another act as agent does not create actual authority.'" *Id* at ¶ 24. As no affidavit or record states any fact of any manifestation by Samuel Maze that a staff lawyer for the F.B.I. was conferred by him with authority to act for him for acceptance of service of process then the purported service on him by service on Mollie Loeffler fails as a matter of law.

Under Mississippi law "Implied agency [or authority] requires that the principal give the agent *actual authorization to perform acts* which reasonably lead third parties to believe an agency relationship exists."*Newsome* at ¶ 29 (emphasis added by the Court). "Without express authority to act as an agent, there can be no implied authority." *Insurasource, Inc. v. Phoenix Ins. Co.*, 912 F. Supp. 2d 433, (S.D. Miss. Dec. 5, 2012). As no affidavit or record states any fact of any actual authorization to perform acts by Samuel Maze was conferred by him as to any staff lawyer for the F.B.I. then the purported service on him by service on Mollie Loeffler fails as a matter of law.

Under Mississippi law "apparent authority exists when a reasonably prudent person, having knowledge of the nature and usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have." *Newsome* at ¶ 31. "Mississippi law imposes a three-prong test for determining if apparent authority exists: (1) acts or conduct by the principal indicating the agent's authority; (2) reasonable reliance by a third party upon those acts or conduct; and (3) detrimental change in position by the third party as a result of such reliance." *Newsome* at ¶ 31. "The...three factors must be met." *Insurasource, Inc* at ¶¶18-20(citing *Mladineo v. Schmidt,* 52 So. 3d 1154, 1167 (¶ 49). As no affidavit or record states any fact of any acts or conduct by the principal Samuel Maze indicating any agent's authority to act for him exists then the purported service on him by service on Mollie Loeffler fails as a matter of law.

The process server's statement in the record omits any description of agency by appointment or by law of the FBI staff lawyer to act for an FBI trainee. "The elementary law of agency" is "clear" that "any agent who accepts service must be shown to have been authorized to bind his principal." *Ashbourne v. Hansberry*, 302 F. Supp. 3d 338,*346  (D .D.C. March 27, 2018)(citing *Schwarz v. Thomas*, 222 F. 2d 305, 308 (D.C. Cir. 1955)).

No law appoints F.B.I. General Counsel to receive process for an individual Defendant such as Samuel Maze. The F.B.I Section Chief affidavit affirms no authority to act for Samuel Maze for any event that took place before he became an FBI trainee. The Complaint in this cause reflects date of events of July 27, 2017. Plaintiffs waited two years later to file suit. Maze was still an employee of Southaven until July 5, 2019. Maze confirmed his last day of employment with Southaven as July 3, 2019. Plaintiffs filed suit June 19, 2019. The local rules command Plaintiffs submit the summons with the Complaint for immediate issuance for use in service of process. Maze stated in his affidavit he was clearly in the Southaven region for two years after the subject event and for at least 16 days from the time suit was filed in which time he could have been served with process in this judicial district. The court record is void of any attempts to serve Maze in that time period. This marked absence of diligence in filing suit amplified by no efforts to serve Maze until 70 days into the service period despite his presence for a very long period of time in this judicial district are submitted as part of the record for the Court's consideration in applying discretion.

Plaintiffs' did not dispute the applicability of *Attakora v. District of Columbia*, et al, 300 F.R.D. 24 (D. C. C. Dec. 5, 2013) which held "Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to satisfy the service requirements of Rule 4 (e)(2). 'There must be evidence that the defendant intended to confer that authority upon the agent.'" *Id.* at *27 ¶¶ 1-2 (citing *Fenwick v. United States*, 691 F. Supp. 2d 108, 113 (D. D.C. 2010)(quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1097 (3d ed. 2002)). Plaintiffs' elected not to dispute that "The individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf." *Veliz v. Rimax Contractors, Inc.*, 2016 WL 1704496,*2 (E. D. La. April 28, 2016)(citing *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007).

### 4. Conclusion

Representations and acts of a purported agent may prove that the purported agent believed he possessed authority to act but such acts or statements of the purported agent do not "establish the manifestations ...from the purported principal sufficient to form a reasonable belief that authority is created." *Dykes v. Cleveland Nursing & Rehabilitation Center*, 2017 WL 3754775, *5 (N.D. Miss. Aug. 30, 2017). "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." *DeMelo v. Toche Marine, Inc.*, 711 F. 2d 1260,1264 (5th Cir. 1983). The absence of either component is fatal to a prima facie claim of personal jurisdiction. *DeCarlo,* 413 F. Supp. 2d at 777. This lawsuit as to Samuel Maze should be dismissed in accord with F. R. Civ. P.12(b)(5) due to insufficiency of service of process and due to the absence of personal jurisdiction.

Respectfully submitted, this the 7th day of October, 2019.

/s/ *Katherine S. Kerby*
Katherine S. Kerby, MSB # 3584
Samuel Maze

OF COUNSEL:
Katherine S. Kerby, Kerby Law Firm.
Post Office Box 551, Columbus, MS 39703
email: ksearcyk@bellsouth.net
Phone: 662-889-3733 Fax: 662-328-9553

### CERTIFICATE OF SERVICE

I, Katherine S. Kerby, attorney for Samuel Maze hereby certify that I have this day filed via the ECF system the foregoing to all counsel of record for all parties that have entered an appearance to date including to counsel for Plaintiff. This the 7th day of October, 2019.

/ s/ *Katherine S. Kerby*
Katherine S. Kerby