IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CLAUDIA LINARES**
**AND EDWARD T. AUTRY**                                                                 **PLAINTIFFS**

**v.**                                                           **CIVIL ACTION NO. 3:19-cv-133-NBB-RP**

**CITY OF SOUTHAVEN, ET AL**                                                             **DEFENDANTS**

## ORDER

Plaintiffs Claudia Linares and Edward T. Autry have requested a 90-day extension of time to serve process on Defendant Steve Pirtle. Docket 29. Plaintiffs' Complaint was filed on June 19, 2019, and on July 12, 2019, the court issued summons for Defendant Pirtle. Docket 1, 2. On August 13, 2019 and September 16, 2019, the Clerk of Court filed notices of incomplete process as to Defendant Pirtle. Docket 4, 22. Plaintiffs' deadline for perfecting service on Defendant Pirtle expired on September 17, 2019, and the instant motion for an extension of time was filed on September 24, 2019. Docket 1, 29; *see* Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), "when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). The plaintiff bears the demanding burden of establishing that "good cause" exists to excuse a delay in service of process. *Thrasher v. City of*

*Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Minimally, good cause requires a showing of "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id*. (internal citation omitted). Further, some showing of good faith and a reasonable basis, beyond the plaintiff's control, for noncompliance with the Rules is normally required. *Id*.

Even when good cause is not shown, the court has the discretion to grant an extension for service of process. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson*, 91 F.3d at 21). Such an extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id*. (*quoting* Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, Plaintiffs assert that they unsuccessfully attempted service on Defendant Pirtle on five separate occasions between August 14 and September 4, 2019, at his last known address in the Southaven/Horn Lake metropolitan area. Docket 29-1 at 4. As a result, Plaintiffs request an additional 90 days to perfect service. In opposition to Plaintiffs' motion, Defendant City of Southaven, Mississippi argues that Plaintiffs failed to timely serve process and further failed to timely move for an extension of the deadline for serving process. Docket 33. The City of Southaven thus contends that Plaintiffs have not established good cause for failing to effect timely service. *Id*.

Despite not moving for an extension of time prior to the expiration of the 90-day deadline, the court finds that Plaintiffs' explanation for the failure to serve Defendant Pirtle within 90 days amounts to good cause. However, the court will not grant Plaintiffs' request for a 90-day extension of time. Instead the court will grant Plaintiffs an additional forty-five (45) days

from the expiration of the original deadline, September 17, 2019. Plaintiffs' deadline for perfecting service of process on Defendant Pirtle is extended until November 1, 2019.

**SO ORDERED**, this the 8th day of October, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE