IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLAUDIA LINARES, as spouse of
ISMAEL LOPEZ, Deceased, and EDWARD
T. AUTRY, as Administrator of the ESTATE
OF ISMAEL LOPEZ, Deceased                                        PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:19-cv-133-NBB-RP

CITY OF SOUTHAVEN, STEVE PIRTLE,
in his Official Capacity as Chief of Police of
the Southaven Police Department, OFFICER
SAMUEL MAZE, Individually and in his
Official Capacity as a Southaven Police Officer,
OFFICER ZACHARY DURDEN, Individually
and in his Official Capacity as a Southaven
Police Officer, and JOHN DOES 1-25                               DEFENDANTS

## ORDER DENYING MOTIONS TO DISMISS

This cause comes before the court upon the motions and amended motions to dismiss of

the defendants. Upon due consideration of the motions, responses, and applicable authority, the

court is ready to rule.

### Factual Background and Procedural Posture

Claudia Linares, as the spouse of Ismael Lopez, and Edward T. Autry, as the named

Administrator of the Estate of Ismael Lopez, filed this action against the City of Southaven,

Mississippi, Steve Pirtle, as Chief of Police of the Southaven Police Department, and two of

Southaven's police officers, Samuel Maze and Zachary Durden, on June 19, 2019, pursuant to 42

U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution,

alleging violations arising from the wrongful death of Ismael Lopez on July 27, 2017, in

Southaven, Mississippi.

The plaintiffs allege that the police officers were attempting to apprehend a suspect for domestic assault and went to an incorrect address which was the mutual residence of Ismael Lopez and plaintiff Claudia Linares. According to the plaintiffs, Lopez was awakened in the middle of the night while sleeping next to his wife, plaintiff Linares, by the officers' pounding loudly on his front door. He went to open the door to the residence and immediately closed the door upon seeing two unidentified large males dressed in all black brandishing firearms. The complaint states that, according to District Attorney John Champion and neighbors of Ismael and Lopez, neither police officer identified himself or announced he was with the Southaven Police Department. The plaintiffs allege that after Lopez closed the door, the officers shot multiple times, striking Lopez's dog twice and shooting through the closed door to strike Lopez in the back of the head, killing him instantly.

<u>Analysis</u>

The defendants seek to dismiss based on lack of standing as to both plaintiffs. As to the Estate of Ismael Lopez, defendants complain that (1) "waivers for service of process" were invalid because some were signed before filing the petition to open the Estate; (2) that Edward T. Autry's appointment as the Administrator of the Estate was the product of fraud; and (3) that misrepresentations have been made about the heirs at law of the Estate. As to plaintiff Claudia Linares, the defendants complain that she has no standing to bring this action "due to her status as a common law only claimed marital relationship." The defendants also assert that the U.S. Constitution does not protect Ismael Lopez because of his immigration status.

As to the defendants' arguments regarding the Estate and the appointment of Autry as the Administrator, in the event an interested party objects to the state court's appointment of an individual as an administrator, such objection should be filed in the estate matter in state court.

"[T]he probate exception reserves to state probate courts … the administration of a decedent's estate." *Marshall v. Marshall*, 547 U.S. 293, 298 (2006).  Autry properly petitioned the state court to be appointed Administrator of the Estate of Ismael Lopez and to represent the interests of its beneficiaries.  The state court found Autry a fit and appropriate individual to serve in this capacity and so appointed him.  No beneficiary or other interested party has, to date, objected to Autry's appointment.  This court will honor the state court's findings and ruling.  Unless ordered otherwise by the state court having jurisdiction over the administration of the Estate, Autry is the duly appointed Administrator and, by the authority vested in him pursuant to Miss. Code Ann. § 11-7-13, Autry, as Administrator, is authorized to bring a claim for the wrongful death of Lopez on behalf of the Estate and its beneficiaries.  Section 11-7-13 provides in relevant part:

> Whenever the death of any person … shall be caused by any real, wrongful or negligent act or omission .… [t]he action for such damages may be brought in the name of the personal representative of the deceased person … for the benefit of all persons entitled under the law to recover, or by the widow for the death of her husband.

Miss. Code Ann. § 11-7-13.

This section likewise authorizes plaintiff Linares, as Lopez's widow, to bring this action.  As to the defendants' assertion that Linares has no standing as the "common law wife" of Lopez to bring claims as his widow under § 11-7-13, the plaintiff has submitted a copy of the Certificate of Marriage issued to Claudia Linares and Ismael Lopez by the State of Arkansas, County of Crittenden.  Though this court's review under Rule 12(b) is generally limited to the pleadings, matters of public record and matters of which the court may take judicial notice, as well as documents attached to the complaint, are exceptions.  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

As to the defendants' argument that Lopez was not afforded the protections of the U.S. Constitution due to his immigration status, the court finds it well settled that constitutional protections extend to non-citizens, documented or otherwise.  *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("Whatever his status under the immigration laws, an alien is surely a 'person' in any ordinary sense of that term.  Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").

Next, defendant Samuel Maze moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for lack of personal jurisdiction due to insufficient service of process.  The plaintiff attempted to effect service of process upon Maze by serving the Office of General Counsel of the Federal Bureau of Investigation.  Maze now claims that he had not authorized said office to accept service of process on his behalf.  At the time of service, Maze was undergoing training as an FBI new agent trainee, was unreachable by the plaintiffs, and they were therefore unable to personally serve him.  The plaintiffs assert that they reasonably relied on the assurances, directions, and authority of the FBI's Office of General Counsel as how to effect proper service on an FBI employee undergoing training and that defendant Maze's motion should therefore be denied.  In the alternative, the plaintiffs ask for an extension of time based on this reasonable reliance in order to serve defendant Maze.  The court finds the latter to be the better course of action and will extend the time for service of Maze for an additional thirty days pursuant to Federal Rule of Civil Procedure 4(m), which provides:  "[I]f the plaintiff shows good

cause for the failure [to serve the defendant in the time allowed by the Rules], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court finds good cause for the plaintiffs' failure to serve defendant Maze, and the plaintiffs are entitled to the aforesaid extension.

Finally, the plaintiffs move – not in a separate motion, but within their responses to the defendants' motions to dismiss – for sanctions against the defendants for violation of Federal Rule of Civil Procedure 11. The plaintiffs take issue with the defendants unsubstantiated "malign allegations of bigamy and condescending description of Claudia Linares as a live-in girlfriend … based on nothing more than 'information.'"[1] [Doc. 24]. The plaintiffs argue that "[d]efendants' wanton disregard for the facts at the expense of a grieving widow is in flagrant violation of the spirit of Rule 11(b)." *Id.* The plaintiffs further contend that the defendants' assertions throughout their various briefing memoranda are "confusing and unsubstantiated," "void of controlling or persuasive law," and "replete with xenophobic undertones and a non-judicious use of this court's time and resources…." *Id.*

The Local Uniform Civil Rules of this court state that "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L. U. Civ. R. 7(b)(3)(C). Because the plaintiffs did not file their motion for Rule 11 sanctions in accordance with the court's Local Rules, the court will deny the motion until such time as the litigation proceeds through discovery and the record is more fully developed. The plaintiffs may re-urge their motion for Rule 11 sanctions at that time in a separate document, if they so choose.

---

[1] Specifically, the defendants state: "On information, Linares has no standing due to her status as a common law only claimed marital relationship that she refers to as wife, or as a live in girlfriend, or as a person with two husbands, or due to bigamy, or as a result of a series of religious or social event ceremonies relative to the theme of marriage not sanctioned by applicable civil law." [Docs. 18, 20].

Conclusion

In accordance with the foregoing analysis, the court finds that the defendants' motions and amended motions to dismiss are not well taken and that they should be, and the same are, hereby, **DENIED**. The plaintiffs are granted a thirty-day extension from this date within which to effect proper service on defendant Samuel Maze, or Maze's motion to dismiss may be re-urged at that time. The plaintiffs' request for Rule 11 sanctions is **DENIED** at this time.

**SO ORDERED AND ADJUDGED** this 30th day of September, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE