IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLAUDIA LINARES, as spouse of
ISMAEL LOPEZ, Deceased, and EDWARD
T. AUTRY, as Administrator of the ESTATE
OF ISMAEL LOPEZ, Deceased                                                    PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:19-cv-133-NBB-RP

CITY OF SOUTHAVEN, STEVE PIRTLE,
in his Official Capacity as Chief of Police of
the Southaven Police Department, OFFICER
SAMUEL MAZE, Individually and in his
Official Capacity as a Southaven Police Officer,
OFFICER ZACHARY DURDEN, Individually
and in his Official Capacity as a Southaven
Police Officer, and JOHN DOES 1-25                                           DEFENDANTS

## **ORDER**

This cause comes before the court upon the Second Motion to Dismiss for Lack of

Jurisdiction due to Insufficient Service of Process filed by Defendant Officer Samuel Maze.

This court denied Maze's first motion to dismiss for insufficient service on September 30, 2020,

finding good cause for the plaintiffs' failure to serve and extending the deadline for service by

thirty days.  At the time of initial service, Maze was undergoing training as an FBI new agent

trainee, was unreachable by the plaintiffs, and they were unable to serve him personally.  The

plaintiffs asserted that they reasonably relied on and complied with the directions and authority

of the FBI's Office of General Counsel as how to effect proper service on an FBI employee

undergoing training.  This initial service was accepted by FBI Acting Chief Security Officer

Michael Craft.  The plaintiffs allege that Craft stated he was authorized to accept service on

Maze's behalf.  Maze, however, argued in his first motion to dismiss that this service was

deficient.

Without ruling as to the sufficiency of said service attempt, this court found that the better course of action was to exercise its broad discretion in extending the time period for service and granted the plaintiffs an additional thirty days from the date of its order to effect service of process on Maze. The record reflects numerous, diligent efforts on the part of the plaintiffs to comply with the court's order and effect proper service on Maze. Indeed, the record indicates the possibility that Maze intentionally evaded service of process, though the court makes no finding in that regard at this time.

Maze has now filed seventeen pleadings with this court regarding service of process. [Docket 25, 26, 27, 28, 35, 48, 49, 53, 54, 56, 57, 60, 61, 62, 64, 65, 67]. The plaintiffs accurately note that this court has never ruled that Maze was not properly served from the outset, but the plaintiffs continued their diligent efforts to satisfy Maze's arguments regarding service, culminating in personal service of Maze at his house on January 12, 2021. Maze's only arguably valid complaint to this service is that it fell outside the thirty-day extension the court granted in its previous order. The court finds, however, that due to the thorough, diligent efforts of the plaintiffs to effect proper service – the details of which have been set forth in the court record – the plaintiffs have shown good cause as to why the court should extend the time for service of process to include the January 12, 2021 service, and the court will exercise its discretion to do so here.

"If a plaintiff can establish good cause for the delay, the court must extend the time for service; however, even when the plaintiff lacks good cause, the court still retains its discretionary power to extend the time for service." *Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 775 (E.D. Tex. 2014) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Millan v. USAA GIC*, 546 F.3d 321, 325 (5th Cir. 2008)). "When a party challenges service of process, the

2

serving party bears the burden of proving good cause for failure to effect timely service." *Id.* (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

The court finds that the plaintiffs have met their burden in the present case, and the time for service should be extended to include the proper service completed on January 12, 2021. Accordingly, the court deems service upon Defendant Samuel Maze proper, and his Second Motion to Dismiss should be, and the same is hereby, **DENIED**

**SO ORDERED AND ADJUDGED** this 17th day of September, 2021.


 /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE