IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| CLAUDIA LINARES, as spouse of Ismael Lopez, deceased, and EDWARD T. AUTRY, as Administrator of the Estate of Ismael Lopez, deceased<br><br>Plaintiffs,<br>v.<br><br>CITY OF SOUTHAVEN, *et al.*<br><br>Defendants. | CIVIL ACTION NO. 3:19-CV-133 |

**ORDER**

This cause comes before the Court on the Motion for Summary Judgment filed by Defendants Zachary Durden and Samuel Maze.[1] [93]. Plaintiffs have responded in opposition to this motion, and the Court having considered the submissions of the parties and the applicable law is prepared to rule.

INTRODUCTION

The Plaintiffs have sued Southaven Police officers Zachery Durden and Samuel Maze in their individual and official capacities, along with the City of Southaven, pursuant to 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution, for damages arising out of the wrongful death of Ismael Lopez.

FACTUAL BACKGROUND

A few minutes after midnight on July 23rd, 2017, three officers of the Southaven Police department were dispatched to 5878 Surrey Lane in Tate County, Mississippi to arrest Mr. Samuel

---

[1] Defendant City of Southaven has not moved for Summary Judgment.

Pearman, a white male, for aggravated domestic assault on a female. The officers, Zachary Durden, Samuel Maze, and Sergeant Thomas Jones, each responded separately to the dispatch. Officer Maze was familiar with the subdivision because he had previously patrolled it.

To locate Pearman's home, Officer Durden consulted his GPS, which showed that the address was located near north Neshoba Road. Officer Maze followed Officer Durden separately to the location identified on the GPS. When they exited their cars, Officer Maze informed Durden that he believed the residence to be south of where they were currently parked. Nevertheless, they soldiered on.

It is apparent from the pleadings and memoranda that the officers were not entirely sure where they were going or whether they were at the right location. In any event, they approached the home of the decedent, which all now agree, was not the home they were looking for.

It is also clear from a reading of the pleadings, statements, affidavits, and arguments that the decedent Ismael Lopez, a Hispanic male, opened his door at some point and was shot in the back of the head by Officer Durden, who was being "covered" by the other officers. From this point, the parties agree on few facts.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The nonmovant's evidence must be believed, and all reasonable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The party opposing the motion "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). When a defendant properly invokes qualified immunity, the burden shifts to the plaintiff to negate it. *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir.2010). To rebut the defense of qualified immunity, the

2

plaintiff must establish, with all facts and inferences drawn in his favor, "a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.*

### DISCUSSION

### I.   Qualified Immunity

Qualified immunity shields a governmental official from suit based on the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir.2006). In determining whether a defendant is entitled to qualified immunity, the court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred. *Easter,* 467 F.3d at 462. If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the governmental official is entitled to qualified immunity. *Id.*

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. 132 (2012). To analyze whether a clearly established right exists "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd,* 563 U.S. 731, 741 (2011). This inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004).

The Plaintiffs allege a violation of constitutional rights under the Fourth Amendment, specifically (a) freedom from unlawful seizure of his person; (b) freedom from the use of unjustified and excessive force and (c) freedom from deprivation of liberty without due process.

3

The ultimate issue is whether the Defendant's conduct of shooting and killing Ismael Lopez was objectively reasonable under clearly established law.

### A. Excessive Force

To prevail on a section 1983 excessive-force claim, in violation of the Fourth Amendment, a plaintiff must show 1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Rockwell v. Brown,* 664 F.3d 985, 991 (5th Cir.2011) (quoting *Hill v. Carroll Cnty.,* 587 F.3d 230, 234 (5th Cir.2009)). The underlying intent or motivation of the officer is immaterial to this inquiry. *Id.* at 991. The parties do not dispute that the plaintiff has established an injury and that the injury was caused by the officers' use of force.

The question before the Court is whether the force used was objectively unreasonable. The force used in this case was deadly force and under *Tennessee v. Garner,* "the use of deadly force is permitted only to protect the life of the shooting officer or others: "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so." *Garner* also requires a warning before deadly force is used "where feasible", a critical component of risk assessment and de-escalation.

In *Graham v. Connor,* 490 U.S. 386, 396 (1989), the Court held that the question whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case." "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." An excessiveness determination requires examining the totality of the circumstances using the *Graham* factors: "the severity of the crime at issue, whether the suspect poses an immediate threat

4

to the safety of the officers and others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396.

The Plaintiffs urge additional factors which the Supreme Court has considered in determining excessiveness:

> The relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

The Plaintiffs argue that the deadly force used in this case was clearly excessive and objectively unreasonable. In support of their argument, the Plaintiffs contend that Mr. Lopez's home was shot 3-4 times, while the door was closed, indicating a retreat or end of threat, and that Mr. Lopez was shot in the back of the head. The autopsy states that the trajectory of the bullet was back to front. The Plaintiffs also contend that due to the location of the entry wound, it may be reasonably concluded that Mr. Lopez was retreating, or at least not facing the officers when he was shot. Further, Mr. Lopez was not in possession of his rifle when discovered by officers. Upon the officers' entry into the trailer, the rifle was on the couch and with no latent prints of value found on it.

The Defendants counter that other facts should control in this case. They contend that Mr. Lopez was shot through a partially open door, not closed, and that Officer Durden never stated that Lopez was directly facing him every time he shot. To support this contention, they argue that "[a] reasonable inference can be made that during the sequence of three shots, Mr. Lopez turned his head, resulting in his being shot in the back of the head."

5

These factual disputes, and others, cannot be resolved at this stage of the proceedings. Looking at the facts in a light most favorable to the Plaintiffs, the Court finds that the officers are not entitled to qualified immunity.

### B. Other Potential Constitutional Claims

To the extent the Plaintiffs are attempting to assert a constitutional claim against Officers Durden and Maze other than an excessive force claim, Plaintiffs have failed to state any additional colorable claims against these defendants. To the extent necessary to clarify the record, such claims, if any, are **DISMISSED**.

### C. State Law Claims

The Plaintiffs assert various common law tort claims against the Defendants. Under the Mississippi Tort Claims Act, the individual bringing a claim against a municipality must provide notice to the city clerk in writing, containing a short and plain statement of the claim. *See Miss. Code Ann.* § 11-46-11(2)(a)(i)(2), § 11-46-11(2)(b)(i)-(iii). The Plaintiffs have not provided evidence of such notice as required by the Act. Therefore, these claims are **DISMISSED**.

### CONCLUSION

For these reasons, the Court concludes that Defendants Durden and Maze are not entitled to summary judgment in their favor based on qualified immunity; that Plaintiffs have failed to state any other colorable claims against Defendants Durden and Maze; and that the state law claims must be dismissed.

**ACCORDINGLY, IT IS ORDERED**:

Defendant Durden and Maze's Motion for Summary Judgment [93] is **DENIED** to the extent these Defendants seek summary judgment in their favor as to an excessive force claim and

is **GRANTED** to the extent these Defendants seek dismissal of any other potential constitutional claim against them and dismissal of the state law claims.

So ordered, this the 28th day of September, 2022.

                                          /s/ Michael P. Mills
                                          UNITED STATES DISTRICT COURT JUDGE