IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CLAUDIA LINARES, as spouse of**
**ISMAEL LOPEZ, Deceased and EDWARD**
**T. AUTRY as Administrator of the ESTATE of ISMAEL**
**LOPEZ, Deceased**                                               **PLAINTIFF**

v.                                                        No. 3:19cv133-MPM-RP

**CITY OF SOUTHAVEN, STEVE PIRTLE,**
**in his official capacity as Chief of Police of the**
**Southaven Police Department, OFFICER**
**SAMUEL MAZE, Individually and in his**
**official capacity as a Southaven Police Officer,**
**OFFICER ZACHARY DURDEN, Individually**
**and in his official capacity as a Southaven**
**Police Officer, and JOHN DOES 1-25,**                           **DEFENDANTS**

**ORDER**

This cause comes before the court on the motions *in limine* filed by defendants Samuel Maze and Zachary Durden. Plaintiff Claudia Linares has responded in opposition to the motions, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

Before ruling on the defendants' motions, this court will briefly discuss the relevant motion *in limine* standards. "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted). In this context, "[e]vidence should not be excluded ... unless it is clearly inadmissible on all potential grounds." *Id.* (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)) (emphasis added). Evidentiary rulings "should often be deferred until trial so that

1

questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (*citing Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975)). Moreover, the "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

This Court has previously emphasized that "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Development Corp*., 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (emphasis in original); *see also Estate of Wilson v. Mariner Health Care, Inc*., 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) ("[M]otions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection."). Additionally, a motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature ... constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson*, 2008 WL 5255819, at *1.

With these standards in mind, this court will now consider defendants' motions *in limine*. Defendants' first motion asks "that Linares, her counsel and any other witness not be allowed to

reference, discuss, argue or question at any time on the subject of police brutality issues." This strikes this court as being an overly broad motion *in limine*, and it believes that plaintiff has provided a reasonable response to it, as follows:

> To be clear, Plaintiffs do not have an intention to focus on or discuss or question any witness about any particular case or current event in an effort to inflame the jury. It is not anticipated that Plaintiffs will argue current events in an effort to seek some form of national justice thru outrage.
> However, neither the parties nor the Court live in a vacuum. Likewise, neither do juries. We live in a time where there are strong opinions regarding law enforcement, both pro and con. Plaintiff intends to flesh out any perceived bias by a potential juror by asking questions intended to elicit those opinions to ensure a fair veneer. It is conceivable that questions and follow-up questions during voir dire may bring up current events. Furthermore, as will be more explained in the Response to Motion in Limine #5, the credibility of the officers and their version of events of the night in question are at issue and Plaintiffs do intend on exploring that thru voir dire, which could conceivably elicit personal experiences or events in which the juror is familiar.

[Response at 2]. Defendants reply that it would be too inflammatory to even inquire regarding these issues during *voir dire*, but this court does not agree, and the first motion *in limine* will accordingly be granted to the extent that plaintiff has conceded it, but it will otherwise be denied.

Defendants' second motion *in limine* seeks to exclude evidence "regarding what Mr. Lopez 'knew' during the time period when officers were approaching the Lopez home and during the use of force." In response to this motion, plaintiff writes that:

> Frankly, Plaintiffs are confused about the nature of the Motion. It is impossible for anyone to testify as to what Mr. Lopez "knew" in the minutes and seconds before he was shot and killed by the Southaven Police Department. Mr. Lopez died instantly and there is no evidence of him making any statements. Instead, the surviving witnesses will be asked about their version of events leading up to the encounter which is the subject of this lawsuit. Each of the cases cited by Defendants deal with living plaintiffs and are not relevant. The Jury will be asked to use their common sense to arrive at their own conclusions. To the extent this Motion seeks to exclude testimony that Lopez 'knew" it was police at the door based on statements of Claudia Linares, Plaintiffs join in the requesting of the relief sought by Defendants.

[Response at 1]. It appears to this court that, in so arguing, plaintiff is essentially conceding this motion, and it will accordingly be granted.

3

Defendants' third motion *in limine* seeks to "exclude the issue of punitive damages as there is no evidentiary support for such a claim" and it also seeks, as an alternative, "to bifurcate the punitive damages issue." Plaintiff concedes that a bifurcation of the punitive damages issue would be appropriate, and the motion will accordingly be granted to this extent. This court concludes, however, that it will most likely be for jurors to decide, in the event of a plaintiff's verdict, whether a particular defendant should be held liable for punitive damages under applicable § 1983 standards. *See Smith v. Wade*, 461 U.S. 30, 51 (1983). In so stating, this court notes that the punitive damages standards in the § 1983 context are considerably easier for a plaintiff to meet than, say, in Mississippi tort claims under § 11-1-65. Indeed, the Supreme Court held in *Smith v. Wade* that:

> As for punitive damages, however, in the absence of any persuasive argument to the contrary based on the policies of § 1983, we are content to adopt the policy judgment of the common law -- that reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages.

*Smith*, 461 U.S. at 51. It is thus apparent that, in the § 1983 context, there is no requirement that the plaintiff prove that the defendant's conduct was "egregious" or similarly reprehensible; to the contrary, a simple "reckless or callous disregard for the plaintiff's rights" will suffice to submit the punitive damages issue to the jury. In the court's view, a defendant's state of mind is a quintessential jury issue, and it is accordingly rather strongly inclined to conclude that, in the event of a plaintiff's verdict, the issue of punitive damages should be submitted to the jury. It would be premature to make a final ruling in this regard at this juncture, however, and this motion *in limine* will accordingly be granted in part and denied in part.

Defendants' fourth motion *in limine* requests "that Linares, her counsel, and any other witness not be allowed to reference, introduce as evidence, or be questioned about any expert

4

conclusions contained in the MBI report, the Crime Scene Unity Report and Crime Scene Findings in this matter or to introduce portions of the MBI report which are hearsay." In response to this motion, plaintiff writes that:

> A. Plaintiffs, like Defendants, have not identified the MBI report as an exhibit therefore they do not intend to introduce it
> Plaintiffs agree that portions of the MBI Report, Crime Scene Unit Report, and the Crime Scene Findings should not be introduced into evidence as they contain hearsay. They have not identified any text or narrative or conclusion of the MBI report as a potential exhibit in the Pre Trial Order. Further, the author of the MBI report, Agent Jeris Davis, is dead.
> B. Plaintiff agrees that MBI CSU Dywana Broughton has not been designated as an expert
> Plaintiff agrees that MBI Agent Dywana Broughton has not been designated as an expert and is limited to testimony per F.R.E. 701.

[Response at 2]. It is thus apparent that plaintiff has conceded this motion *in limine*, and it will accordingly be granted.

Defendants' fifth and final motion *in limine* requests "that Linares, her counsel, and any other witness not be allowed to reference, introduce as evidence, or be questioned about: irrelevant, prejudicial facts related to actions taken prior to arrival at Plaintiffs' residence." In the alternative, defendants request an order instructing all attorneys, parties, and witnesses to bring up such matters with the court, out of the presence of the jury and jury panel, so that the court may determine the relevance and admissibility of such matters before they are injected into this case in the presence of the jury or the jury panel.

In response, plaintiff argues that:

> Plaintiffs contend that any action taken by Defendant prior to or leading up to the incident is explicitly relevant to a jury and therefore should be introduced into evidence. F.R.E. 401 advises that evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence – and that the fact is of consequence in determining the action. F.R.E. 403 filters all relevant evidence from irrelevant evidence only if the probative value is substantially outweighed by its prejudicial effect.
> Here the (1) call for service (2) the response (3) the hour of the event (4) the method of approach and (5) the mental state of the officers as to location and identity of a person of interest are all extremely relevant to a jury to determine whether or not officers used excessive force in shooting Mr. Lopez. To read Defendant's Motion, Defendant would

5

> have the Court start the trial at the moment officers knocked on Mr. Lopez's door. Because trials do not start in a vacuum, it is absolutely necessary for the jury to understand all the steps leading up to the interaction between Southaven Police Department and the Deceased. This Court is the gatekeeper as to what is relevant and what is irrelevant as to the use of force analysis.

[Response at 2].

For its part, this court believes that this is the sort of matter which is best raised at trial, when it will know specifically what evidence is being objected to, and when it will have a greater understanding of the factual context in which a particular objection is raised. This court will accordingly not make a final ruling on this issue at this juncture, but it notes for the record that defendants' proof of any undue prejudicial effect arising from simple facts regarding what they did in the time period leading up to the shooting in this case seems rather lacking. This court is accordingly inclined to allow plaintiff to introduce any evidence in this regard at trial, although, out of an abundance of caution, it will grant defendants' request that these issues first be discussed outside of the presence of the jurors before any evidence in this regard is introduced at trial.

In light of the foregoing, it is ordered that defendants' motions *in limine* are granted in part and denied in part, as more specifically set forth in this order.

So ordered, this, the 23rd day of August, 2023.

          /s/ Michael P. Mills
          UNITED STATES DISTRICT JUDGE
          NORTHERN DISTRICT OF MISSISSIPPI