**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CLAUDIA LINARES, as spouse of
ISMAEL LOPEZ, Deceased and EDWARD
T. AUTRY as Administrator of the ESTATE of ISMAEL
LOPEZ, Deceased**                                    **PLAINTIFF**

**v.**                                          **No. 3:19cv133-MPM-RP**

**OFFICER SAMUEL MAZE, Individually and in his
official capacity as a Southaven Police Officer,
OFFICER ZACHARY DURDEN, Individually
and in his official capacity as a Southaven
Police Officer, and JOHN DOES 1-25,**                  **DEFENDANTS**

## ORDER

This cause comes before the court on its own motion, addressing certain jury instruction issues in this case. Defendant Maze has submitted proposed jury instructions which all but instruct the jurors to rule in his favor, based on the fact that he did not fire the fatal shot which killed Ismael Lopez. In considering these proposed instructions, this court notes that, in a 2018 excessive force case, the Fifth Circuit held that:

> Two theories of § 1983 liability potentially apply to Solis's order to tase Peña: supervisor and bystander liability. The former obtains "if (1) [the supervisor] affirmatively participates in the acts that cause the constitutional deprivation, or (2) [the supervisor] implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citation omitted, alterations and emphasis in original).

*Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018).

While Officer Mays was not acting as a supervisor in this case, this court does not believe that this fact removes the significance of the above language. To the contrary, this language

involves simple causation principles which would clearly seem to apply whenever a plaintiff seeks to hold a particular defendant liable in a case in which another defendant was the one to commit the specific act which directly injured the plaintiff. That being the case, this court believes that the fact that the Fifth Circuit chose the words "affirmatively participates in the acts that cause the constitutional deprivation" and specifically provided for the "failure to act" as potentially giving rise to liability, mean that the narrow focus in defendant's proposed jury instructions on the firing of the fatal shot which killed Ismael Lopez is improper.

In the court's view, the fact that the Fifth Circuit used the plural "acts" is significant, in that it recognizes that there may be more than one act which leads to a constitutional violation in a particular case. In this case, it is undisputed that Officer Mays was the first to fire his weapon (at a dog) and that Officer Durden's shot followed his almost immediately. Specifically, Maze testified that:

> Q: How long after you shot your gun at the dog did you hear those shots?
> A: Approximately – approximately a second, maybe two seconds. It was an extremely short amount of time.

[Depo. at 93]. In denying Maze's motion for summary judgment, this court cited this testimony in writing that "[i]t thus seems entirely clear from the record that Maze was an integral part of the tragic events of this case and that he was the first officer to escalate what should not have even been a knock on plaintiff's door into a situation where officers are discharging their weapons at innocent civilians and/or animals who were simply trying to protect their home." *Linares v. City of Southaven*, 2023 WL 4115760, at *3 (N.D. Miss. June 21, 2023).

This court believes that plaintiff has a very reasonable factual argument that, in a heated situation, the firing of a shot by one officer is "contagious" and tends to make the firing of shots by other officers far more likely. Indeed, this court believes that plaintiff has a very reasonable

factual argument that, but for Officer Maze's actions, Ismael Lopez would still be alive today. This court accordingly believes that jurors should determine whether, by being the first to fire his weapon, Officer Mays "affirmatively participate[d] in the acts that cause the constitutional deprivation" in this case." Barring persuasive arguments from the parties to the contrary, this court intends to instruct the jurors accordingly.

    So ordered, this, the 12th day of September, 2023.

                                           /s/ Michael P. Mills
                                         UNITED STATES DISTRICT COURT JUDGE