**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CLAUDIA LINARES, as spouse of
ISMAEL LOPEZ, Deceased and EDWARD
T. AUTRY as Administrator of the ESTATE of ISMAEL
LOPEZ, Deceased**                                                                    **PLAINTIFF**

v.                                                                                   No. 3:19cv133-MPM-RP

**OFFICER SAMUEL MAZE, Individually and in his
official capacity as a Southaven Police Officer,
OFFICER ZACHARY DURDEN, Individually
and in his official capacity as a Southaven
Police Officer, and JOHN DOES 1-25,**                                                **DEFENDANTS**

## ORDER

This cause comes before the court on its own motion, noting a minor change to the "clearly established law" jury instruction discussed in its prior order. Specifically, this court will modify the instruction to make clear that the plaintiff must prove that Maze's objectively unreasonable conduct was both a cause in fact and a proximate cause of any unlawful Fourth Amendment seizure sustained by Lopez. These terms are defined in the Fifth Circuit model instructions (modified to include the names of the parties in this case) as follows:

> To prove that Defendant Maze caused Plaintiff damages, Plaintiff must prove by a preponderance of the evidence that that the officer's actions were a cause-in-fact of the damages plaintiff suffered. An action is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.
> The Plaintiff must also prove by a preponderance of the evidence that the actions were a proximate cause of the damages Plaintiff suffered. An action is a proximate cause of plaintiff's injuries or damages if it appears from the evidence that the injury or damages was a reasonably foreseeable consequence of the act or omission.

As modified, this court's instruction would read:

1

It is a basic principle of the U.S. Supreme Court's Fourth Amendment jurisprudence, set forth in many cases and in the instructions I am giving you today, that if an officer intentionally acts in a manner which is objectively unreasonable and if that unreasonable conduct is both a cause in fact and proximate cause (together "cause") of a suspect suffering an unlawful Fourth Amendment seizure (that is to say an objectively unreasonable shooting or other seizure), then that officer may be held liable under the Fourth Amendment. Moreover, the Fifth Circuit has held in multiple contexts that, when two different officers commit separate acts or omissions which 1) are each objectively unreasonable and 2) those unreasonable acts combine to cause a suspect to suffer an unlawful Fourth Amendment seizure, then each officer may be held liable for his or her objectively unreasonable act. In so holding, the Fifth Circuit has made it clear that there is no exception to the basic principle stated above for cases in which one officer's unreasonable conduct combines with that of another to cause the suspect to suffer an objectively unreasonable Fourth Amendment seizure. This is true even if only one of the officers physically strikes (or "seizes" the suspect). Therefore, at the time of their actions in this case, both of the defendant officers were on notice that if they intentionally acted in a manner which was objectively unreasonable, and if their unreasonable conduct was both a cause in fact and proximate cause of a suspect suffering an objectively unreasonable Fourth Amendment seizure, then they could be held liable for it.[1]

This court wishes to make two brief points about this instruction as modified. First, it seems undisputable that it was, in fact, clearly established law at the time of the events in this case that, if an officer acted in an objectively unreasonable manner which foreseeably caused a suspect to be shot in an objectively unreasonable manner, then he could be held liable for it under the Fourth Amendment. Second, this court can discern no reasonable basis upon which Officer Maze might have believed that this rule did not apply in the multiple officer situation. Stated differently, this court can not understand how Maze could have thought that he was free to act in an objectively unreasonable manner which foreseeably caused a suspect to be shot in an objectively unreasonable manner, so long as he caused another officer to do the shooting instead of doing it himself. This court further can not understand why Maze would have required any

---

[1] While this court believes that its instruction already made this point clear, it has slightly modified it to make it unmistakably clear, in light of arguments from counsel for Maze, that both officers' actions must be objectively unreasonable.

additional appellate case law to make his obligations in this context clear to him. Thus, while recognizing that what is reasonable and what qualified immunity requires can sometimes be two different things, this court is very comfortable with the position it has staked out on this issue.

It is therefore ordered that this court's jury instructions will be modified as stated above.

This, the 14th day of September, 2023.

   /s/ Michael P. Mills
UNITED STATES DISTRICT COURT JUDGE